**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Francis AGIUS, Defendant-
Appellant.**

**No. 28728.**

United States Court of Appeals,
Fifth Circuit.

June 24, 1970.

---

3. The laws involved are LSA–R.S. 40:972 (1965) and LSA–C.Cr.P., Art. 162 (1967).

Neal J. Dunn, Miami, Fla. (court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Theodore Klein, Richard A. Hauser, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

PER CURIAM:

This case involves challenged out-of-court identifications and in-court identifications of the defendant Agius by eyewitnesses to the robbery of the Community Federal Savings and Loan Association of Hialeah, Florida.

The defendant objects to the identification procedures and to the absence of counsel at confrontations with the eyewitnesses.

Five witnesses saw Agius and observed his activities just before the robbery. Nine months after the robbery, the teller, Mrs. Barbarie Chatham, who had the best opportunity to observe him, saw a picture of Agius in a local newspaper in connection with another robbery. She called the FBI and reported the resemblance of Agius to the man who had robbed the Savings and Loan Association. The next day, an FBI agent escorted her to the United States Commissioner's office, where the defendant was being arraigned on another matter. Mrs. Chatham observed many people in the office and without any suggestion from any person informed the agents that one of the men resembled the robber. Several days later she was shown a number of photographs and without any assistance selected one as the robber. Mrs. Chatham testified that her being at the Commissioner's office had no effect or influence on her selection of the picture and that she was much more impressed with the picture than having seen Agius at the Commissioner's office. She based her in-court identification upon her present recollection of what he looked like when he robbed the bank in July of 1966.

Five eye-witnesses who identified Agius in court testified that each selected the photograph of Agius as that of the robber from a large number of photographs of others. Each said that she was alone when she saw the photographs; that no FBI agent gave any assistance; that the choice was a wholly independent one. They relied for identification primarily on the photographs and their recollection of the robber rather than their pre-trial viewing of the defendant.

Besides Mrs. Chatham, several witnesses saw and identified Agius before the trial. One witness went to the police station to view a line-up, but no line-up was held. She saw a number of men waiting for the elevator and identified one as resembling the robber. Later she learned that this was the defendant Agius.

Viewed in the context of the totality of circumstances the identification procedures were not so unduly prejudicial as to taint the defendant's conviction. See Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Simmons v. United States, 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

The judgment is affirmed.